## DELONE v MIDDLE WESTERN MUTUAL BENEFIT ASSN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 11322. Decided December 1, 1930

Ben P. Rabb, Cleveland and R. H. Kaplan, Cleveland, for Delone.

John H. McNeal, Cleveland, for Benefit Assn.

**WEYGANDT, J.**

Of the seven errors complained of and duly excepted to by plaintiff, there is but one requiring the attention of this Court.

The error in question involves an application of a rule of the trial court, which reads as follows:

"RULE 14.—It shall not be sufficient for a defendant (except in actions against executors, administrators and guardians upon claims arising before appointment) in his answer to deny generally the facts set forth in the petition, or a plaintiff in his reply, hereinafter provided for, to deny generally the facts alleged by the defendant in his answer, counterclaim or set-off; but each party shall deny specifically each allegation of which he does not admit the truth, except allegations of damages, and every allegation of fact not denied specifically or by necessary implication shall be taken to be admitted."

Neither party is complaining of any unreasonableness of this rule which was promulgated by the judges of the trial court under favor of 1579-19-6 GC.

Plaintiff contends that defendant did not specifically deny her allegations of notice and proof of death, and that hence the pleadings joined no issue as to such notice and proof. Defendant insists upon the sufficiency of the following language contained in its answer:

"Defendant specifically denies each, and every other material and relevant allegation in plaintiff's statement of claim, not hereinbefore specifically admitted to be true."

It is the view of this Court that the foregoing language cannot be construed as a substantial compliance with the provisions of the court rule in question. Practically it is the language of a general denial—the very thing the rule forbids. Apparently the purpose of the rule was to avoid the inevitable disadvantage and confusion of a system of pleading which permits a litigant under the guise of a general denial to conceal from his adversary the real issues (if any) until the moment of trial. There is no evidence of such intention on the part of defendant in this case, but nevertheless it should so amend its answer that every issue may be clearly joined either "specifically or by necessary implication."

It is, therefore, the view of this Court that it was prejudicial error for the trial court to grant defendant's motion for judgment in its favor, inasmuch as the pleadings presented no issue on the matter of notice and proof of death.

The judgment is reversed and the cause remanded for further proceedings according to law.

Vickery, PJ, and Levine, J, concur.